# UNITED STATES *v.* ALLEN ET AL.

---

CRIMINAL LAW; PENALTIES; REMISSION OF FORFEITED RECOGNIZANCE.

Where one, charged with grand larceny entered into a recognizance and left the District of Columbia, failing to return thereto for trial until duly extradited, when he was brought back, tried and sentenced, he thereby wilfully defaulted in his recognizance, and the court taking it has no power under sec. 1020, Rev. Stat., U. S. Comp. Stat. 1901, p. 719, allowing remission of penalties where there has been no de-

fault of the party charged, to remit to the surety therein the penalty forfeited.

No. 2452. Submitted November 4, 1912. Decided December 30, 1912.

HEARING on an appeal by the United States, from an order of the Supreme Court, of the District of Columbia, sitting as a Criminal Court, vacating a judgment forfeiting a recognizance. *Reversed.*

The facts are stated in the opinion.

*Mr. C. R. Wilson,* United States District Attorney, and *Mr. James A. Cobb,* for the appellant.

*Mr. M. W. Sullivan,* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This case was argued and submitted with No. 2451 (*United States* v. *Von Jenny, ante,* 377).

It appears that Alice Allen, alias Redd, was under indictment in the supreme court of the District at the October term, 1908, for grand larceny, and entered into a recognizance in the sum of $200 with William J. Howard, as surety, in the usual form, for her appearance. On December 17, 1908, the principal cognizor having failed to appear, judgment was entered forfeiting the recognizance; and a bench warrant was issued for her arrest. She was arrested in the city of Philadelphia, and, after extradition proceedings duly had, was delivered to the marshal of the District, who held her in custody. January 13, 1909, she was produced in court, pleaded guilty to petit larceny, and was sentenced.

On April 26, 1912, the surety, Howard, moved the court "to satisfy of record the forfeiture."

There was no allegation in the motion of any ground of relief; nor was there an affidavit of facts accompanying the same.

The supreme court of the District has three terms each year, and this motion was made more than three years after the forfeiture of the recognizance.

June 28, 1912, an order was entered granting the motion and setting aside the forfeiture, from which the United States have appealed.

The facts disclosed by the record bring the case within the decision in No. 2451, and for the reasons given in the opinion delivered therein, the judgment is reversed.          *Reversed.*